NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000394**
**05-OCT-2017**
**11:15 AM**

NO. CAAP-17-0000394

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
TERI W. PEDRO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CR. NO. 3DTA-17-00968)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Teri W. Pedro's (Appellant Pedro) appeal from the April 17, 2017 pretrial order that the Honorable Margaret K. Masunaga entered in district court Criminal No. 3DTA-17-00968 while the underlying case was pending before the district court. We note that on May 15, 2017, the district court entered an order formally committing, and, thus, transferring, this district court case to the circuit court, where it received a new case number, namely Criminal No. 3CPC-17-0000310, where it is still awaiting a trial on the merits.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawaiʻi Intermediate Court of Appeals

has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" Hawaii Revised Statutes (HRS) § 602-57(1) (2016).

In a circuit court criminal case, a defendant may appeal from a judgment of conviction that imposes a sentence pursuant to HRS § 641-11 (2016), from an interlocutory order that the circuit court certifies for appeal pursuant to HRS § 641-17 (2016), or from an interlocutory order denying a motion to dismiss based on double jeopardy pursuant to the collateral order doctrine. State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001). The April 7, 2017 order does not satisfy the requirements for any of these three categories of appealable orders and judgments, and the circuit court has not yet entered a final judgment in Criminal No. 3CPC-17-0000310. The April 7, 2017 order merely acknowledges Appellant Pedro's plea as to each charge, and sets a date for a pre-trial conference.

"An appellate court has . . . an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exists." State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (citation omitted). "A jurisdictional defect in an appeal cannot be waived by the parties or disregarded by us. We must dismiss an appeal on our own motion if we lack jurisdiction." State v. Johnston, 63 Haw. 9, 10, 619 P.2d 1076, 1077 (1980) (citations omitted). Absent an appealable judgment or order, we lack appellate jurisdiction over the April 7, 2017 order.

//

//

//

//

2

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000394 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 5, 2017.

Chief Judge

Associate Judge

Associate Judge

3